UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MIRTHA GARCIA,

Plaintiff,

vs().                                                    Case No.:

NEUHEISEL LAW FIRM, P.C.,

Defendant.
_____/

# COMPLAINT

1. Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the act and transaction occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5. Plaintiff, MIRTHA GARCIA, is a natural person who resides in the City of Miami, County of Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant NEUHEISEL LAW FIRM. P.C., (hereinafter "Defendant Neuheisel") is a collection agency operating from an address of 1501 W. Fountainhead Parkway, Suite 130, Tempe, AZ 85282, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Neuheisel regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant Neuheisel regularly collects or attempts to collect debts for other parties.

9. Defendant Neuheisel was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

12. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

13. The following third-party heard the message while at or visiting Plaintiff's residence on one or more occasions: Monica Amor.

14. Plaintiff did not authorize Defendant to communicate with the third parties.

15. No court authorized Defendant to communicate with the third parties.

16. The third parties had no legitimate business need for the information communicated in the telephone messages.

17. Defendant knew or had reason to know that the third parties had no legitimate business need for the information communicated in the telephone messages.

18. The messages communicate information affecting Plaintiff's reputation.

19. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's residence.

20. After the initial correspondence with Plaintiff, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

21. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not he owes the alleged debt and whether the alleged debt was correctly calculated.

## COLLECTION CALLS

22. In or about June, 2011, Defendant Neuheisel's collector attempted more than once to contact Plaintiff by telephone in an effort to collect this debt, these attempts were "communications" in to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. During at least one of Defendant's attempts to collect a debt from Plaintiff, Defendant left a voice mail message on Plaintiff's answering machine identifying himself as a debt collector.

24. Defendant repeatedly attempted to collect this debt with intent to harass Plaintiff.

## SUMMARY

25. The above-described collection communications made to Plaintiff by Defendant Neuheisel, and a collection employee employed by Defendant Neuheisel, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c, as well as the FCCPA § 559.72(5).

26. The above-detailed conduct by this Defendant of harassing Plaintiff in its effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as invasions of Plaintiff's privacy by intrusions upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

27. Defendant's disclosure of Plaintiff's indebtedness to a third party was an invasion of her privacy and her right to financial privacy.

## TRIAL BY JURY

28. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The foregoing act and omission of the Defendant and its agent constitutes numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

31. As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

32. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

34. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

35. Defendant and/or its agent intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

36. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by unlawfully disclosing information about this debt to Monica Amor, and thereby invaded Plaintiff's right to financial privacy.

37. Defendant disclosed Plaintiff's alleged indebtedness to Monica Amor. Defendant knew or had reason to know that the third party did not have a legitimate need for the information.

38. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

39. The conduct of this Defendant and its agent, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in an intrusion and invasion of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### VIOLATION OF 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

40. Defendant disclosed Plaintiff's alleged indebtedness to a third-party, Monica Amor. Defendant knew or had reason to know that third-party Monica Amor did not have a legitimate need for the information.

41. As a result of the improper disclosure to a third party, Plaintiff's reputation has been affected.

## COUNT 4

### VIOLATION OF 559.72(7) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Defendant repeatedly attempted to collect a debt from Plaintiff with intent to annoy or harass Plaintiff.

## COUNT 5

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692g

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the deft.

45. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

## COUNT 6

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

46.     Upon information and belief, Defendant has attempted to collect a debt in which the amount sought was not expressly authorized by the agreement creating the debt or permitted by law.

## COUNT 7

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e

47.     Defendant has falsely represented the amount of debt allegedly due.

## COUNT 8

## VIOLATION OF FCCPA §559.75

48.     This part does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The assignee is a real party in interest and may bring an action in a court of competent jurisdiction to collect a debt that has been assigned to such assignee and is in default.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)     Damages and

B)     Attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  June 11, 2011  Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:   (954) 921-9553
Attorneys for Plaintiff